**NATIONAL LABOR RELATIONS BOARD v. EMPIRE WORSTED MILLS, Inc.**

**Nos. 221, 222.**

Circuit Court of Appeals, Second Circuit.

July 18, 1942.

Norman F. Edmonds, of Washington, D. C. (Robert B. Watts, Gen. Counsel, Ernest A. Gross, Asso. Gen. Counsel, Gerhard P. Van Arkel, Asst. Gen. Counsel, and Owsley Vose and Edward J. Cresswell, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

J. Russell Rogerson, of Jamestown, N. Y. (Rogerson, Clary & Hewes, of Jamestown, N. Y., on the brief), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The National Labor Relations Board petitions for enforcement of two orders directed against Empire Worsted Mills, Inc., a manufacturer of worsted cloth located in Jamestown, New York. The first order in point of time, issued April 8, 1938, is principally aimed at disestablishment of a company-dominated union and contains the usual cease-and-desist provisions and affirmatively orders withdrawal of recognition of the dominated union, reinstatement with back pay of one employee, Conti, and posting of notices. The second order, issued April 29, 1940, is principally concerned with discriminatory discharges and, in addition to the cease-and-desist and posting-notices provisions, orders reinstatement of eighteen employees. Aside from two minor legal arguments, nothing is in issue except the substantiality of the evidence. Since the facts are fully set out in the two decisions of the Board, 6 N. L. R. B. 513, 23 N. L. R. B. 300, we think no good purpose is served by their extensive discussion here. Compare N. L. R. B. v. Niles Fire Brick Co., 6 Cir., 128 F.2d 258, and cases cited.

(1) Respondent asserts that even though it is conceded that 95 per cent of its raw wool and 60 per cent of its dyes are purchased outside the state, and even though its one customer resells interstate, nevertheless the Board has failed to prove jurisdiction. This claim is patently with-

out merit. N. L. R. B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L. Ed. 893, 108 A.L.R. 1352, and companion cases; N. L. R. B. v. Bradford Dyeing Ass'n, 310 U.S. 318, 60 S.Ct. 918, 84 L.Ed. 1226.

(2) The order of disestablishment is supported by substantial evidence. There was testimony indicating disapproval of an outside union and encouragement of an inside union by respondent, and pressure by supervisory employees to prevent the success of the outside union's organization drive. From this testimony it was proper for the Board to infer interference with collective bargaining privileges and domination of the inside union.

(3) The finding that Conti was discharged for union activity is supported by substantial evidence. Respondent's claim that she was fired for using profanity is subject to two infirmities. It was shown that profanity was not unusual among employees and was not ordinarily a ground for discharge; and there was conflicting evidence as to who provoked the quarrel, with a pretty clear indication that respondent's supervisors did not attempt to find out who was at fault.

(4) The finding as to discriminatory discharge of eighteen other employees is also supported by substantial evidence. There is sufficient background to justify an inference that respondent desired to eliminate vociferous members of the outside union, and there is enough indication in the methods of lay-offs and redistribution of work to permit the Board to conclude that the reason for discharge was union activity. Respondent asserts that there was a decrease in business which necessitated the lay-offs, but the record shows that the laying-off process was not in accordance with seniority and customary sharing-of-work schemes formerly followed. There was ample testimony to justify the Board's rejection of the claim of lay-offs purely because of a business decline.

(5) Respondent asserts that the lay-offs were pursuant to a contract with the inside union. But since the union was dominated by respondent, the contract is no defense. See N. L. R. B. v. Electric Vacuum Cleaner Co., 315 U.S. 685, 62 S.Ct. 846, 86 L.Ed. ——.

Orders of enforcement will therefore be entered by this court.